J. S76008/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CARL LEE COLLINS, | : | No. 6 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 5, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0012112-1993,
CP-02-CR-0013464-1993

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 27, 2015**

Appellant appeals from the order denying his latest petition brought pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546. We affirm.

On August 31, 1993, while 16 years of age, appellant shot and killed a man during a robbery in Pittsburgh. On March 21, 1994, a jury convicted appellant of second degree murder and related offenses; and on May 17, 1994, appellant was sentenced to an aggregate, mandatory sentence of life imprisonment without the possibility of parole.

On May 15, 1996, this court affirmed the judgment of sentence; and on October 31, 1996, our supreme court denied appeal. ***Commonwealth v. Collins***, 679 A.2d 843 (Pa.Super. 1996) (unpublished memorandum),

*appeal denied*, 685 A.2d 542 (Pa. 1996). Appellant has previously pursued multiple, unsuccessful PCRA petitions.

Appellant filed the instant, untimely PCRA petition on July 10, 2012, within 60 days of the United States Supreme Court's June 25, 2012 decision in *Miller v. Alabama*, 132 S.Ct. 2455 (2012), which held that it is unconstitutional to sentence individuals who were under 18 years of age at the time of their offense to mandatory life imprisonment without parole. Appellant's petition invoked the after-recognized constitutional right exception to the time restrictions of the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(iii).

We do not have jurisdiction to review appellant's petition because Section 9545(b)(1)(iii) requires that the newly recognized right be already held to apply retroactively. *Commonwealth v. Seskey*, 86 A.3d 237, 242-243 (Pa.Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014). *Miller v. Alabama* has not been held to apply retroactively. Moreover, our supreme court has ruled that *Miller v. Alabama* would not be applied retroactively to persons on collateral review. *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013). In his present appeal, appellant argues that *Cunningham* was wrongly decided. However, as a subordinate court we are unable to reverse the rulings of our supreme court. Consequently, we are bound by *Cunningham*, and are without jurisdiction to review appellant's petition.

Order affirmed.

J. S76008/14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/27/2015